IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO.  4:17-CR-0025-MAC-CAN |
| | § | |
| DARNELL DWIGHT SMITH (4) | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Darnell Dwight Smith's ("Defendant") Motion to Withdraw Guilty Plea [Dkt. 255] and letter motion [Dkt. 261], wherein Defendant contends that he should be permitted to withdraw his guilty plea because he believes he was misled and coerced by his current counsel, Phillip A. Linder ("Linder"), to accept his plea agreement.  In response, the Government asserts that Defendant has not articulated a fair and just reason for withdrawal of his guilty plea [*see generally* Dkt. 267].  Having considered the motions, the submissions of the parties, the transcript of the plea hearing, and the applicable law, the Court recommends that Defendant's requests to withdraw his guilty plea be denied.

## I.    *Background*

On August 9, 2017, the grand jury charged Defendant in a superseding indictment with a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute cocaine, methamphetamine, cocaine base, and marijuana ("Count One") [Dkt. 53].  Under the superseding indictment, Defendant faced "not less than 10 years or more than life imprisonment, a fine not to exceed $10 million, or both, and a supervised release term of at least 5 years" [Dkt. 53 at 5].  On December 28, 2017, Defendant appeared, before the undersigned, with Linder and entered a plea of guilty to Count One of the Superseding Indictment pursuant to a plea agreement with the Government [Dkt. 153].

REPORT AND RECOMMENDATION – Page 1

The plea agreement contained the following stipulations:

a.    The base offense level will be determined by the court pursuant to U.S.S.G. § 2D1.1(c).

b.    No other agreements have been made regarding specific offense characteristics or other adjustments;

c.    A reduction of three levels for acceptance of responsibility under U.S.S.G. § 3E1.1 applies; however, this stipulation is subject to recommendation of the United States Probation Office and the other provisions of this plea agreement. **If circumstances indicating that the defendant has not accepted responsibility become known after execution of this agreement, this stipulation is void and the defendant may object to the failure of the presentence report to recommend the reduction. The government's request to decrease the offense level by <u>one</u> additional level in accordance with U.S.S.G. § 3E1.1(b) is contingent on the defendant demonstrating acceptance of responsibility for the offense conduct and cooperating fully in recovering restitution for all relevant conduct.**

[Dkt. 153] (emphasis in original). At the plea hearing, Defendant testified that he understood he had a constitutional right to plead not guilty and proceed to trial, was satisfied with his counsel's representation, entered into his guilty plea freely and voluntarily, and had not been threatened, forced, or coerced to plead guilty [Dkt. 266 at 4-6, 19-21]. Defendant changed his plea to guilty, and the undersigned recommended that the district court accept the plea, a recommendation that was adopted by the district court on January 3, 2018 [Dkt. 194].

Approximately four months later, on April 12, 2018, the United States Probation Office completed and filed its initial Presentence Investigation Report ("PSR") [Dkt. 218]. On May 16, 2018, the Probation Office filed its final PSR [Dkt. 240]. It provided for a base offense level of 32, a two-level enhancement for possession of a dangerous weapon, and a reduction of three levels for acceptance of responsibility, leaving a total offense level of 31. With a criminal history category VI, the United States probation officer assigned to this case determined Defendant's sentencing guideline range to be 188-235 months' imprisonment.

Following the disclosure of the PSR, on May 22, 2018, Defendant, through counsel, filed the instant motion to withdraw his guilty plea [Dkt. 255]. On May 31, 2018, Defendant filed an additional *pro se* motion to withdraw his guilty plea [Dkt. 261]. The Government filed a response in opposition on June 4, 2018 [Dkt. 267]. On June 6, 2018, the Court held a hearing on the instant motions ("Hearing"). Subsequent to such Hearing, on June 15, 2018, Defendant's counsel, Linder, filed objections to the PSR [Dkt. 270].

## II.    *Motion to Withdraw Guilty Plea*

A defendant has no absolute right to withdraw a guilty plea before the imposition of sentence. *United States v. Harrison*, 777 F.3d 227, 234 (5th Cir. 2015); *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003); *accord United States v. Chi*, 708 F. App'x 184, 184 (5th Cir. 2017); *United States v. Minor*, 714 F.3d 319, 321 (5th Cir. 2013). Rather, the decision to allow a defendant to withdraw his plea is within the sound discretion of the district court. *Powell*, 354 F.3d at 370; *accord United States v. London*, 568 F.3d 553, 562 (5th Cir. 2009), *cert. denied*, 562 U.S. 1078 (2010). To determine whether a defendant may withdraw a plea of guilty prior to sentencing, this Court must consider the following factors: (1) whether the defendant has asserted his innocence; (2) whether the Government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984); *accord Harrison*, 777 F.3d at 234; *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014); *United States v. McKnight*, 570 F.3d 641, 645-46 (5th Cir. 2009). "The district court is not required to make findings as to each of the *Carr* factors." *United States v. Brewster*,

137 F.3d 853, 858 (5th Cir.), *cert. denied*, 525 U.S. 908 (1998). "The decision to permit or deny withdrawal is based on the totality of the circumstances." *Id.*; *see Urias-Marrufo*, 744 F.3d at 364. "The defendant bears the burden of establishing a fair and just reason for withdrawing his plea." *Powell*, 354 F.3d at 370; *accord London*, 568 F.3d at 563.

### A.    Carr *Factor One—Assertion of Innocence*

This factor weighs against withdrawal. During the plea colloquy, Defendant repeatedly acknowledged his guilt and, when asked what he did wrong, specifically explained to the Court that he was "a part of a conspiracy...to distribute cocaine base, methamphetamine, [and] marijuana," and that he was aware he was distributing those drugs [Dkt. 266 at 28-29]. In addition, Defendant signed a factual basis and, under oath, attested to the facts contained therein, including that: in July 2012, Defendant traveled to Louisiana to purchase cocaine with two firearms, $6,000, black digital scales, and a silver mixing utensil in a hidden compartment in Defendant's vehicle; in August 2017, approximately 146 grams of a mixture or substance containing a detectable amount of methamphetamine and approximately 450 grams of a mixture or substance containing a detectable amount of cocaine, and approximately 22 grams of cocaine base that belonged to Defendant, were located during the execution of a search warrant, and that throughout the course of the conspiracy, Darnell Dwight Smith possessed with the intent to distribute and distributed at least 500 grams of methamphetamine 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, and at least 280 grams of cocaine base [Dkt. 155]. Indeed, Defendant declared in open court that the factual basis was correct and that he would not change any part of it. "Solemn declarations in open court carry a strong presumption of verity." *Burton v. Terrell*, 576 F.3d 268, 272 (5th Cir. 2009); *see United States v. Diaz*, 516 F. App'x 358, 361-62 (5th Cir. 2013).

Further, when interviewed by the probation officer assigned to this case, Defendant admitted that the information contained in the factual basis was true and correct [Dkt. 240 at 9]. In addition, Defendant did not assert his innocence in either his counsel-prepared motion or his letter motion; rather, it was only on the day of Hearing, after the Government specifically pointed out in its Response that Defendant had not claimed innocence, that Defendant first alleged that he was innocent of the conspiracy charge and when he pleaded guilty under oath, he was merely "going along with what [he] was supposed to have been going along with" according to his counsel [Dkt. 269 at 21]. *See United States v. Haynes*, 77 F.3d 493 (10th Cir. 1996) (defendant's assertion that he was merely "going along with counsel's advice in pleading guilty "established no more than that he had a change of heart regarding his guilty plea," which is "not sufficient to warrant withdrawal"); *United States v. Sutton*, No. CRIM. A. 92-126, 1993 WL 21426, at *3 (E.D. La. Jan. 26, 1993) ("A change of heart or mind after reflection, for example, is not a sufficient basis for withdrawal") (citing *United States v. Hurtado*, 846 F.2d 995, 997 (5th Cir.), *cert. denied*, 488 U.S. 863 (1988); *United States v. Daniel*, 866 F.2d 749, 752 (5th Cir. 1989)).

Moreover, though Defendant now claims that he is innocent, he stated no specific facts at Hearing that would support any theory of innocence. *See United States v. Felice*, 272 F. App'x 393, 395 (5th Cir. 2008) ("A mere assertion of innocence is not sufficient to contradict the defendant's sworn admission of guilt at a plea hearing."); *United States v. Bond*, 87 F.3d 695, 701 (5th Cir. 1996) ("[Defendant] has asserted his actual innocence, but under *Carr*, this factor is insufficient on its own in the total absence of evidence to support the assertion. . . ."); *see also United States v. Buholtz*, No. 13-40431, 2014 WL 1388900, at *2 (5th Cir. Apr. 10, 2014) ("[Defendant's] bald assertion of innocence is insufficient to show that the district court erred in denying his motion to withdraw his guilty plea."); *United States v. Grant*, 117 F.3d 788, 789-90

(5th Cir. 1997) (noting that an assertion of innocence unsupported by specific facts is insufficient, standing alone, to justify allowing a defendant to withdraw a guilty plea). Defendant's bare assertions of innocence, raised only after the Government's Response, do not outweigh his previous declarations of guilt. *See United States v. Wiggins*, No. 13-51101, 2017 WL 76935, at *4 (5th Cir. Jan. 6, 2017) (stating that the district court did not abuse its discretion in concluding that a defendant's bare assertion of innocence lent no support to his motion to withdraw his guilty plea where the defendant admitted guilt under oath); *United States v. Myles*, 623 F. App'x 178, 179 (5th Cir. 2015) (per curiam), *cert. denied*, 136 S. Ct. 1476 (2016) ("In finding [the defendant's] assertions of innocence unpersuasive, the district court was entitled to rely on those solemn declarations over her initial statement . . . ."). As a result, the Court finds that this factor weighs against withdrawal of Defendant's guilty plea.

### B.   Carr *Factor Three—Timeliness of Withdrawal Motion*

Closely related to and further indicative of the first factor, the Court turns to discuss the third factor. The third *Carr* factor, *i.e.*, whether Defendant delayed in filing his motion to withdraw, also heavily weighs against granting Defendant's motion. Defendant has been dilatory in raising the issue of withdrawing his guilty plea. Defendant pleaded guilty on December 28, 2017, but he did not file the instant motion until May 22, 2018, nearly five months after his plea hearing, and only after reviewing his PSR. *See Carr*, 740 F.2d at 345 (characterizing withdrawal motion as untimely when it was filed twenty-two days after defendant's guilty plea); *see also United States v. Martinez*, 344 F. App'x 975, 975-76 (5th Cir. 2009) (affirming denial of motion where defendant's belated assertion of innocence was contrary to his sworn testimony at the rearraignment and where defendant filed his motion eleven months later); *United States v. Walton*, 537 F. App'x 430, 435 (5th Cir.), *cert. denied*, 134 S. Ct. 712 (2013) (affirming court's denial of

25

defendant's motion to withdraw guilty plea where the motion was filed five months after the plea was entered); *United States v. Saucedo-Castanon*, 511 F. App'x 308, 311 (5th Cir. 2013) (affirming district court's denial of defendant's motion to withdraw his guilty plea where he filed the withdrawal motion "nearly three months after pleading guilty—a considerable delay"); *United States v. Shanklin*, 193 F. App'x 384, 386 (5th Cir. 2006), *cert. denied*, 549 U.S. 1143 (2007) (affirming denial of motion to withdraw guilty plea where defendant admitted under oath that he was guilty and that his plea was knowing and voluntary and did not move until the day of the sentencing hearing—four months after the plea—to request withdrawal).

Defendant explains this substantial delay by claiming that he was confused by the plea and his potential sentence—until he received a copy of the PSR. The record belies this assertion. First, Defendant was charged by superseding indictment with a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute cocaine, methamphetamine, cocaine base, and marijuana [Dkt. 53], under which Defendant faced "not less than 10 years or more than life imprisonment, a fine not to exceed $10 million, or both, and a supervised release term of at least 5 years" [Dkt. 53]. On August 16, 2017, at his arraignment before United States Magistrate Judge Kimberly Priest-Johnson, Defendant received a copy of the charge against him (which contains a notice of penalty), the charge was read to him, and he confirmed that he discussed the charge with his attorney [Dkt. 69]. At his change of plea hearing, Defendant was again advised by the undersigned of the charge against him and his potential sentence. Defendant was specifically admonished that he could be imprisoned for "not less than 10 years and not to exceed life" [Dkt. 266 at 11]. When asked if he understood the range of punishment in this case, he answered affirmatively [Dkt. 266 at 12]. Moreover, Defendant was advised and stated that he understood the sentence imposed could be different from any estimate his attorney had given him

[Dkt. 266 at 12]. Further, the plea agreement Defendant signed clearly sets forth the minimum and maximum penalties the Court can impose, expressly stating that the range of punishment is "imprisonment for a period of not less than 10 years and not to exceed life . . . ." [Dkt. 266 at 11]. Thus, Defendant's claim that he did not understand the minimum punishment in this case finds no support in the record and is contrary to his repeated acknowledgments that he was aware of and understood the range of punishment in this case and the terms of the plea agreement; rather, it appears that he has come to regret his decision to plead guilty following review of his PSR. *See United States v. Cox*, No. 4:13-CR-45, 2015 WL 13403896, at *2 (E.D. Tex. Jan. 15, 2015) (court found defendant's motion to withdraw his guilty plea dilatory where he "did not voice his wish to withdraw his plea until January 12, 2015, approximately six months after the plea hearing, and. . . .a full 25 days after the filing of his PSR to move to withdraw his guilty plea."); *United States v. Jackson*, No. 4:12-CR-177, 2013 WL 4047187, at *2 (E.D. Tex. July 23, 2013) (court found significant delay where "Defendant waited over two months from the time he entered his guilty plea to make a request to counsel," and "may have also waited until after the initial PSR had been prepared before notifying the counsel that he wanted to withdraw his guilty plea."); *United States v. Lesure*, 66 F.3d 320 (5th Cir. 1995) (court found that defendant's delay of "three months before he attempted to withdraw his plea," "a significant delay" and "conclude[d] that the district court's conclusion with regard to this delay is more likely-that [defendant] sought to withdraw his plea only after he saw the consequences of his plea as outlined in the PSR. Such a change of heart after reweighing the consequences of a plea is not sufficient to permit the withdrawal of a plea.") (citing *United States v. Hoskins,* 910 F.2d 309, 311 (5th Cir. 1990)).

As *Carr* recognizes, "[w]ithdrawal is permitted for pleas unknowingly made; 'the purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" 480 F.3d at 317 (quoting *Carr*, 740 F.2d at 345); *United States v. Hoskins*, 910 F.2d 309, 311 (5th Cir. 1990) ("A mere change of mind is insufficient to permit the withdrawal of a guilty plea before sentencing.").

### C.    Carr *Factors Two, Four, and Seven—Prejudice to the Government, Inconvenience to the Court, and Waste of Judicial Resources*

The second *Carr* factor considers whether the Government would be prejudiced if Defendant's motion were granted. This factor is closely intertwined with factor four—whether the Court would be substantially inconvenienced—and factor seven—whether the withdrawal would waste judicial resources. Therefore, these factors will be analyzed together. *See United States v. Rodriguez*, No. 3:08-CR-267-D, 2010 WL 286730, at \*4 (N.D. Tex. Jan. 22, 2010), *aff'd*, 411 F. App'x 713 (5th Cir. 2011).

The United States averred that it would be prejudiced if Defendant is permitted to withdraw his guilty plea. The Government specifically advised that it would expend significant time and resources to prepare for trial at this juncture. Furthermore, the United States maintains that allowing Defendant to withdraw his plea would inconvenience the Court and be a clear waste of judicial resources. Specifically, the Government asserts that "[t]his Court has several other cases on its docket that are awaiting trials, and having to add one that has already resulted in a knowing and voluntary plea is a waste of judicial resources" [Dkt. 267 at 4]. Defendant, despite having the burden to show the Court that a withdrawal is justified, did not address any of these issues in his motions or at Hearing for that matter. *See United States v. Washington*, 480 F.3d 309, 316 (5th Cir. 2007) (noting in its denial of withdrawal motion that defendant failed to cite any *Carr* factors in his filing).

Permitting Defendant to withdraw his guilty plea at this juncture would prejudice the Government, inconvenience the Court, and waste judicial resources. *See United States v. Rodriguez*, No. 3:08-CR-267-D, 2010 WL 286730, at \*4 (N.D. Tex. Jan. 22, 2010) (analyzing factors two, four, and seven together), *aff'd*, 411 F. App'x 713 (5th Cir. 2011). Indeed, if his motions were granted, the Government would be required to expend significant resources to prepare the case for trial. Additionally, rescheduling this case will disrupt the Court's existing docket and expend additional judicial resources for a trial, time that would otherwise be available to protect "the rights of other accused persons awaiting trial, whose cases may lose . . . their position on the calendar." *Carr*, 740 F.2d at 346 (internal quotations omitted). As a result, the second, fourth, and seventh *Carr* factors militate against allowing Defendant to withdraw his guilty plea.

### D.    Carr *Factor Five—Close Assistance of Counsel*

Defendant largely bases his requests for withdrawal on the ground that his current counsel, Linder, provided him with inaccurate information and coerced him into accepting a plea agreement. The Court finds nothing in the record to indicate that Defendant has not had close and effective assistance of counsel throughout this proceeding. Defendant has been represented by Linder since the inception of this case. Linder filed several motions on Defendant's behalf, including, a Motion for Extension of Time for Filing Objections to the Presentence Report [Dkt. 242], one of the instant Motions to Withdraw Plea [Dkt. 255], and Objections to Pre-Sentence Investigation Report, Requests for Corrections [Dkt. 270], and also negotiated a favorable plea agreement for Defendant. *See United States v. Benavides*, 793 F.2d 612, 618 (5th Cir.), *cert. denied*, 479 U.S. 868 (1986) (rejecting defendant's assertion that he lacked close assistance of counsel and noting defense counsel filed several motions prior to plea hearing).

Additionally, Linder repeatedly met with Defendant on at least eleven (11) separate occasions to discuss Defendant's case, including evidentiary issues, sentencing guidelines, and the entry of Defendant's plea [Dkt. 269 at 8-9].   Nonetheless, Defendant now contends that he did not understand the plea agreement, and "thought [he] was going to be going home[,] [b]ut when the [PSR] came [he] [saw] that we weren't going towards that agreement" [Dkt. 269 at 10].   While Defendant admits that he and Linder discussed the consequences of going to trial and potentially losing, Defendant now maintains that Linder aggressively told him that he must "go forward with this plea agreement" [Dkt. 269 at 10-11].

Based on Defendant's demeanor in court on both December 28, 2017, at the initial plea hearing, and June 6, 2018, at the hearing on the withdrawal of his plea, the Court does not find Defendant's accusations against Linder to be credible.   The record reveals that Linder provided sound advice to Defendant regarding his likelihood of success at trial and met with him on numerous occasions to discuss his case and those options available to him.   Indeed, the Government maintains that it was prepared to present strong evidence of Defendant's guilt. Moreover to reiterate, despite Defendant's later allegations to the contrary, he stated under oath at the initial plea hearing that: he discussed with his attorney the facts of this case, the charges pending against him, and any possible defenses, and the sentencing guidelines associated with his charge; that he was fully satisfied with his counsel's representation; and that his plea was not the result of force or threats by anyone [Dkt. 266 at 8, 21-22].   "Reviewing courts give great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002).   The Court finds that Defendant had the benefit of close assistance of counsel throughout the negotiation and entry of his plea.   *See McKnight*, 570 F.3d at 647 (defendant received close assistance of counsel where his attorney advised him of the sentencing benefits of

cooperation with the government); *Hurtado*, 846 F.2d at 997 (rejecting withdrawal motion where defendant claimed that his attorney had pressured him into pleading guilty by "advising that a guilty verdict after trial would net a harsher sentence").

###### E.    Carr *Factor Six—Knowing and Voluntary Plea*

Lastly, Defendant now characterizes his plea as involuntary due to what he views as misleading information from his lawyer, which, as discussed above, the Court finds not to be credible.

"To enter a knowing and voluntary guilty plea, the defendant must have a 'full understanding of what the plea connotes and of its consequence.'" *Urias-Marrufo*, 744 F.3d at 366 (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)).  Indeed, a defendant must have notice of "the nature of the charges against [him], [he] must understand the consequences of [his] plea, and must understand the nature of the constitutional protections [he] is waiving."  *Id.*  "For a guilty plea to be voluntary, it must not be the product of actual or threatened physical harm, or . . . mental coercion overbearing the will of the defendant or of state-induced emotions so intense that the defendant was rendered unable to weigh rationally his options with the help of counsel."  *Id.* (internal quotations omitted).

Here, the record reveals that Linder had numerous meetings with Defendant discussing his case and his options as well as the consequences of his decision.  Additionally, Defendant was advised when he pleaded guilty that he could be imprisoned "for a period not less than 10 years and not to exceed life; a fine not to exceed 10 million dollars; a term of supervised release of at least five years" [Dkt. 266 at 11-12].  After admonishing Defendant with his sentencing range, the Court asked "[a]nd so, [Defendant], do you understand that following entry of your plea here today you could be subjected to the range of penalties and consequences that was just explained to you?;"

to which Defendant responded "[y]es, I do" [Dkt. 266 at 11-12]. With regard to sentencing, Defendant was informed that his sentence would be imposed by the Court after consideration of the United States Sentencing Guidelines, which are not binding on the Court, but are advisory only. It was further explained that Defendant would not be allowed to withdraw his plea if the sentence was higher than expected so long as it was within the statutory maximum [Dkt. 266 at 17]. Throughout the plea hearing, the Court assured Defendant that if he needed any further explanation about any part of the proceedings, he was free to ask and the Court would allow him to consult privately with his attorney [Dkt. 266 at 12, 20-21, 24-25, 30]. Thereafter, the Court warned Defendant of the consequences of pleading guilty. Indeed, the transcript indicates that Defendant acknowledged that he had read and understood the plea agreement and had no further questions and was voluntarily entering into it [Dkt. 266 at 20]. Defendant also agreed that he was pleading guilty knowingly, freely, voluntarily and with the advice of counsel. *See United States v. McFarland*, 839 F.2d 1239, 1242 (7th Cir.), *cert. denied*, 486 U.S. 1014 (1988) ("To deter abuses in the withdrawal of guilty pleas . . . and to protect the integrity of the judicial process, we have held that rational conduct requires that voluntary responses made by a defendant under oath [when entering a guilty plea] . . . be binding."); *United States v. Duran-Espinoza*, No. 5:10-CR-1294-3, 2010 WL 5014341, at *3 (S.D. Tex. Dec. 1, 2010) (finding that defendant's plea was knowing and voluntary based on his responses during the Rule 11 colloquy). Defendant's statements in open court "carry a strong presumption of verity." *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977). "Reviewing courts give great weight to the defendant's statements at the plea colloquy." *Cothran*, 302 F.3d at 283-84.

REPORT AND RECOMMENDATION – Page 13

In addition to the Court's admonitions, the Government summarized the plea agreement and the factual basis in detail at the change of plea hearing.[1]  Defendant was asked if he understood the Government's summarization and also if he agreed with it, to which he responded affirmatively to both.  When asked if there were any changes he would offer to the factual basis, he replied, "No, your Honor."  At no point during the plea hearing did Defendant indicate that he did not understand the proceedings or the plea documents.  To the contrary, Defendant was quite responsive and unequivocal in his answers to the Court.  Because Defendant entered his plea knowingly and voluntarily, this factor, too, weighs against withdrawal.

### III.    *Conclusion and Recommendation*

Under the totality of the circumstances, the *Carr* factors weigh against permitting the withdrawal of Defendant Darnell Dwayne Smith's guilty plea in this case.  Accordingly, the Court recommends that Defendant's motions [Dkts. 255, 261] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(C).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

---

[1] Moreover, the plea agreement correctly states the range of punishment applicable to this case.  "[O]fficial documents, such as a written plea agreement, are 'entitled to a presumption of regularity and are accorded great evidentiary weight.'" *United States v. Soliz*, 359 F. App'x 466, 470 (5th Cir. 2009) (quoting *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985)).

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 22nd day of June, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE