IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE NO. 4:17-CR-0025-MAC-CAN |
| | § | |
| DARNELL DWIGHT SMITH (4) | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is Defendant Darnell Dwight Smith's ("Defendant") Objections to Report and Recommendation of United States Magistrate Judge [Dkt. 272] and Motion to Reconsider Motion to Withdraw Plea and For Hearing on the Same (the "Motion") [Dkt. 279].[1] The Government opposes the Motion [Dkt. 281]. Having considered the Motion, the submissions of the parties, the transcript of the plea hearing, the applicable law, and all other relevant filings, the Court recommends that Defendant's Motion to Reconsider Motion to Withdraw Plea and his request for an evidentiary hearing regarding the same be **DENIED**.

BACKGROUND

On December 28, 2017, pursuant to a plea agreement with the Government, Defendant, with his court appointed counsel, Phillip Linder, Esq. ("Linder") present, entered a plea of guilty to Count One of the Superseding Indictment, a violation of 21 U.S.C. § 846, conspiracy to distribute and possess with intent to distribute cocaine, methamphetamine, cocaine base, and marijuana, [Dkts. 151; 153]. As part of his plea agreement, Defendant signed a Factual Basis, attesting that the facts contained therein "accurately describe[] the events and [Defendant's] acts"

---

[1] Because both filings request reconsideration by the undersigned of the recommendation on Defendant's request to withdraw his guilty plea and also because Defendant specifically references the Magistrate Judge's Report and Recommendation asking that "his Motion to Withdraw Plea be reconsidered, and that a second hearing be set regarding the same," the Court construes both Defendant's Objections and the Motion to Reconsider as directed towards the Magistrate Judge for the Magistrate Judge's reconsideration.

[Dkt. 155]. At the plea hearing, Defendant testified that he understood he had a constitutional right to plead not guilty and proceed to trial, was satisfied with his counsel's representation, entered into his guilty plea freely and voluntarily, and had not been threatened, forced, or coerced to plead guilty, was entering a plea of his own free will because he was actually guilty of the crime charged [Dkt. 266 at 4-6, 19-22]. Defendant thereafter changed his plea to guilty, and the undersigned recommended that the district court accept the plea, a recommendation that was adopted by the district court on January 3, 2018 [Dkt. 194].

After the United States Probation Office filed its final Presentence Investigation Report ("PSR") [Dkt. 240], Defendant, through his counsel Linder, filed a motion to withdraw Defendant's guilty plea [Dkt. 255]. On May 31, 2018, Defendant filed an additional *pro se* motion to withdraw his guilty plea because of "threats and promises from [Linder]" [Dkt. 261]. On June 6, 2018, the Court held a hearing on both motions, listening to argument regarding the *Carr* factors – specifically, Defendant's alleged innocence, his lack of understanding of the plea agreement, and failures of his defense counsel. After hearing, on June 22, 2018, the undersigned recommended that both motions be denied [Dkt. 271]. On July 9, 2018, Defendant filed *pro se* objections to the Report and Recommendation, alleging that he was innocent, did not have close assistance of counsel, and that his plea was not knowingly and voluntarily made [Dkt. 272 at 3]. On that same date, Defendant filed a Motion for New Appointment of Counsel [Dkt. 273]. On July 18, 2018, the Court denied Defendant's request for appointment of new counsel, but found co-counsel should be appointed to assist with the representation of Defendant; Micah Belden, Esq. ("Belden") was appointed as co-counsel for Defendant [Dkt. 275]. On July 24, 2018, Belden, on behalf of Defendant, then filed the instant Motion to Reconsider and requested a hearing [Dkt. 279]. The Government filed a response in opposition on July 31, 2018 [Dkt. 281].

## DISCUSSION

"A motion for reconsideration in the criminal context is a creation of caselaw, not the federal rules." *United States v. McElhaney*, 3:03-CR-370, 2005 WL 3215547, at *1 (N.D. Tex. Nov. 29, 2005) (citing *United States v. Brewer*, 60 F.3d 1142, 1144 (5th Cir. 1995)). "The decision to reconsider an order in a criminal case is within the Court's discretion." *United States v. Martin*, No. 3:14-CR-183-M, 2015 WL 3404221, at *1 (N.D. Tex. May 22, 2015) (citing *United States v. Scott*, 524 F.2d 465, 467 (5th Cir. 1975); *see also Matter of Shivers*, 900 F. Supp. 60, 62–63 (E.D. Tex. 1995) ("the Federal Rules of Criminal Procedure contain no formal provision for motions to reconsider. Motions for reconsideration in criminal proceedings are judicial creations not derived from statutes or rules.").

### *Hybrid Representation*

Defendant filed *pro se* objections [Dkt. 272] to the Report and Recommendation, recommending that Defendant's Motion to Withdraw Guilty Plea be denied [Dkt. 271].

As an initial matter, the Court notes that it need not take up Defendant's *pro se* objections because "[criminal defendants] [do] not have a 'constitutional right to hybrid representation." *United States v. Williams*, 667 F. App'x 489 (5th Cir. 2016); *see United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978) (explaining "hybrid representation" as representation "partly by counsel and partly by [defendant]"). Defendant has been represented by court-appointed counsel at all times relevant to his criminal prosecution. "Until [Defendant] requests and receives permission to proceed *pro se*, which requires compliance with *Faretta* [*v. California*, 422 U.S. 806 (1975)], he has no right to file motions and pleadings with the court on his own behalf." *Prather v. Anderson*, No. CIV.A. H-05-2964, 2005 WL 2277528 , at *2 (S.D. Tex. Aug. 31, 2005); *see also Williams*, 667 F. App'x at 489 ("Unless specifically directed by court order, pro se motions, briefs or

correspondence will not be filed if the party is represented by counsel."); *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996) (*per curiam*) (indicating same). Defendant does not have the right to hybrid representation. *See United States v. Godfrey*, 1:09-CR-158 1, 2010 WL 3463093, at *2 (E.D. Tex. Aug. 10, 2010), *report and recommendation adopted,* 1:09-CR-158 1, 2010 WL 3463092 (E.D. Tex. Sept. 1, 2010) ("Judge Crone correctly determined that the Defendant did not have the right to hybrid representation and struck the motion. When he filed this motion on June 23, 1010, Defendant was represented by Thomas Burbank. The Fifth Circuit Court of Appeals has held that a 'criminal defendant does not have the right. . . to a 'hybrid representation,' partly by counsel and partly by himself.'") (quoting *United States v. Daniels,* 572 F.2d 535, 540 (5th Cir. 1978); *accord United States v. Long,* 597 F.3d 720, 724 (5th Cir. 2010); *United States v. Cano,* 519 F.3d 512, 516 (5th Cir. 2008); *United States v. Ogbonna,* 184 F.3d 447, 449 n. 1 (5th Cir.), *cert. denied,* 528 U.S. 1055 (1999) (citing *Myers v. Johnson,* 76 F.3d 1330, 1335 (5th Cir. 1996)); *Martinez v. Dretke,* 426 F.Supp.2d 403, 542–43 (W.D. Tex. 2006)). Accordingly, the Court need not consider Defendant's *pro se* objections. *See United States v. Alvarado*, 321 F. App'x 399, 400 (5th Cir. 2009) (Fifth Circuit upheld district court's striking of pro se motion because "Alvarado does not have a 'constitutional right to hybrid representation.' Because Alvarado was represented by counsel in the district court, he was not entitled to file a pro se motion on his own behalf.") (citing *United States v. Ogbonna,* 184 F.3d 447, 449 n. 1 (5th Cir. 1999)).

Even so, the Court considers *infra* Defendant's arguments contained in his objections in reconsidering its recommendation to deny Defendant's request to withdraw his guilty plea.

**Carr *Factors***

In Defendant's objections, he appears to make three objections: (1) Defendant is actually innocent; (2) Defendant did not have the close assistance of counsel; and (3) Defendant's guilty plea was made unknowingly and involuntarily. In the Motion for Reconsideration, the only *Carr* factor addressed is actual innocence. Defendant contends that at the prior hearing on his request to withdraw his plea "he did not discuss the specifics of his claim of innocence in this case" and he now requests an opportunity to testify on such issue [Dkt. 279 at 1].

A defendant has no absolute right to withdraw a guilty plea before the imposition of sentence. *United States v. Harrison*, 777 F.3d 227, 234 (5th Cir. 2015); *United States v. Powell*, 354 F.3d 362, 370 (5th Cir. 2003); *accord United States v. Chi*, 708 F. App'x 184, 184 (5th Cir. 2017); *United States v. Minor*, 714 F.3d 319, 321 (5th Cir. 2013). Rather, the decision to allow a defendant to withdraw his plea is within the sound discretion of the district court. *Powell*, 354 F.3d at 370; *accord United States v. London*, 568 F.3d 553, 562 (5th Cir. 2009), *cert. denied*, 562 U.S. 1078 (2010). To determine whether a defendant may withdraw a plea of guilty prior to sentencing—and whether a defendant is likewise entitled to an evidentiary hearing—the Court must consider the following factors: (1) whether the defendant has asserted his innocence; (2) whether the Government would suffer prejudice if the withdrawal motion were granted; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether the withdrawal would substantially inconvenience the Court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether the withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984); *accord Harrison*, 777 F.3d at 234; *United States v. Urias-Marrufo*, 744 F.3d 361, 364 (5th Cir. 2014); *United States v. McKnight*, 570 F.3d 641, 645-46 (5th Cir. 2009). "The district

court is not required to make findings as to each of the *Carr* factors." *United States v. Brewster*, 137 F.3d 853, 858 (5th Cir.), *cert. denied*, 525 U.S. 908 (1998). "The defendant bears the burden of establishing a fair and just reason for withdrawing his plea." *Powell*, 354 F.3d at 370; *accord London*, 568 F.3d at 563. "The decision to permit or deny withdrawal is based on the totality of the circumstances." *Id.*; *see Urias-Marrufo*, 744 F.3d at 364.

The Court herein addresses each of the *Carr* factors in considering both Defendant's Motion to Reconsider and *pro se* objections.

### 1. Carr *Factor One—Assertion of Innocence*

Defendant contends in his *pro se* objections that "[he] never committed any crime. Incident that occured [sic] in July 2012 is not factual whatsoever. Only hearsay" [Dkt. 272 at 3]. In his Motion for Reconsideration, Defendant also contends that he is actually innocent and specifically asserts that: (1) the drugs were not his and that he has a recording from Candice Walker admitting the same; (2) the drugs actually belong to the Confidential Informant in this case; and (3) this case was only brought against him "because he is a local 'person of interest'" [Dkt. 279].

Although Defendant now claims that he is innocent, he has proffered no evidence along with his filings that would support a theory of innocence and instead, baldly asserts that he is innocent based on the assertion that the drugs at issue were not his. Such assertions are insufficient to set aside entry of a guilty plea. *See United States v. Clark*, 931 F.2d 292, 295 (5th Cir. 1991) (explaining that an assertion of innocence, "absent a substantial supporting record will not be sufficient to overturn a denial of a motion to withdraw") (citing *Carr*, 740 F.2d at 344)); *United States v. Lesure*, 66 F.3d 320 n. 3 (5th Cir. 1995) ("The longer a defendant delays filing a motion for withdrawal, the more substantial reasons he must proffer in support of his motion."); *United States v. Felice*, 272 F. App'x 393, 395 (5th Cir. 2008) ("A mere assertion of innocence is not

sufficient to contradict the defendant's sworn admission of guilt at a plea hearing."); *United States v. Bond*, 87 F.3d 695, 701 (5th Cir. 1996) ("[Defendant] has asserted his actual innocence, but under *Carr*, this factor is insufficient on its own in the total absence of evidence to support the assertion"); *United States v. Buholtz*, No. 13-40431, 2014 WL 1388900, at *2 (5th Cir. Apr. 10, 2014) ("[Defendant's] bald assertion of innocence is insufficient to show that the district court erred in denying his motion to withdraw his guilty plea."); *United States v. Grant*, 117 F.3d 788, 789-90 (5th Cir. 1997) (noting that an assertion of innocence unsupported by specific facts is insufficient, standing alone, to justify allowing a defendant to withdraw a guilty plea).

Notably, Defendant's bare assertions of innocence do not outweigh his previous declarations of guilt. *See United States v. Wiggins*, No. 13-51101, 2017 WL 76935, at *4 (5th Cir. Jan. 6, 2017) (stating that the district court did not abuse its discretion in concluding that a defendant's bare assertion of innocence lent no support to his motion to withdraw his guilty plea where the defendant admitted guilt under oath); *United States v. Myles*, 623 F. App'x 178, 179 (5th Cir. 2015) (per curiam), *cert. denied*, 136 S. Ct. 1476 (2016) ("In finding [the defendant's] assertions of innocence unpersuasive, the district court was entitled to rely on those solemn declarations over her initial statement . . . ."). Defendant signed a factual basis, under oath, attesting to the facts contained therein, including specifically that "Darnell Dwight Smith possessed with the intent to distribute and distributed at least 500 grams of methamphetamine 5 kilograms or more of a mixture of substance containing a detectable amount of cocaine, and at least [280] grams of cocaine base" [Dkt. 155 at 2]. Additionally, at the plea hearing, Defendant stated (also under oath) in his own words that he "was involved in the Superseding Indictment as part of a conspiracy. . .to distribute cocaine base, methamphetamine, [and] marijuana," and that he was aware he was distributing such substances [Dkt. 266 at 28-29].

As a result, the Court finds that this factor weighs against reconsideration of withdrawal of Defendant's guilty plea or the granting of a further hearing (as discussed more fully below). *See United States v. Mendez*, 447 F. App'x 577, 578 (5th Cir. 2011) (Fifth Circuit found defendant failed to assert innocence where "Mendez swore under oath that the factual resume—which included statements of two co-conspirators identifying him as the supplier of methamphetamine as well as corroborating surveillance and other evidence—was correct. He also swore that he was pleading guilty because he was guilty and that he committed the elements of the offense."); *see also United States v. Still*, 102 F.3d 118, 125 (5th Cir. 1996) (holding that statements that the defendant did not believe a gun charge applied to him based on the facts of the case did not assert innocence, and noting that the defendant admitted possession of the gun as part of the factual basis); *United States v. Thomas*, CRIM.A. 03-0338, 2004 WL 963799, at *3 (E.D. La. May 5, 2004) (refusing to find defendant asserted his innocence on similar facts).

### 2.  **Carr** *Factor Three—Timeliness of Withdrawal Motion*

Defendant asserts that the timing of his withdrawal motion is due to his "poor[] representation on [sic] counsel" and his confusion as to the plea agreement and PSR [Dkt. 272 at 5]. The third *Carr* factor, *i.e.*, whether Defendant delayed in filing his motion to withdraw, weighs heavily against granting Defendant's motion. Defendant has been dilatory in raising the issue of withdrawing his guilty plea. Defendant did not allege actual innocence as the basis for the withdrawal of his guilty plea until nearly five months after his plea hearing, and only after reviewing his PSR. *See Carr*, 740 F.2d at 345 (characterizing withdrawal motion as untimely when it was filed twenty-two days after defendant's guilty plea); *see also United States v. Martinez*, 344 F. App'x 975, 975-76 (5th Cir. 2009) (affirming denial of motion where defendant's belated assertion of innocence was contrary to his sworn testimony at the rearraignment and where

defendant filed his motion eleven months later); *United States v. Walton*, 537 F. App'x 430, 435 (5th Cir.), *cert. denied*, 134 S. Ct. 712 (2013) (affirming court's denial of defendant's motion to withdraw guilty plea where the motion was filed five months after the plea was entered).

To explain the delay, Defendant averred that he was confused by the plea and his potential sentence—until he received a copy of the PSR. Defendant's claim finds no support in the record and is contrary to his repeated acknowledgments that he was aware of and understood the range of punishment in this case and the terms of the plea agreement [*see generally* Dkt. 266]. Rather, as the Government alleges in its Response to the instant Motion [Dkt. 281 at 3], it appears that Defendant has come to regret his decision to plead guilty following review of his PSR. *See United States v. Lesure*, 66 F.3d 320 (5th Cir. 1995) (court found that defendant's delay of "three months before he attempted to withdraw his plea," "a significant delay" and "conclude[d] that the district court's conclusion with regard to this delay is more likely-that [defendant] sought to withdraw his plea only after he saw the consequences of his plea as outlined in the PSR.). "A mere change of mind is insufficient to permit the withdrawal of a guilty plea before sentencing." *United States v. Hoskins,* 910 F.2d 309, 311 (5th Cir. 1990). Accordingly, this factor weighs against withdrawal of Defendant's guilty plea.

### 3. *Carr Factors Two, Four, and Seven—Prejudice to the Government, Inconvenience to the Court, and Waste of Judicial Resources*

The second *Carr* factor considers whether the Government would be prejudiced if Defendant's motion was granted, and is closely intertwined with both factor four, whether the Court would be substantially inconvenienced, and factor seven, whether the withdrawal would waste judicial resources. The Court analyzes these factors together.

Defendant, despite having the burden to show the Court that a withdrawal is justified, did not and has not addressed any of these issues in his initial motions, at hearing, in his *pro se*

objections, or in the Motion to Reconsider; instead, Defendant reiterates that he has strong evidence of his innocence. *See United States v. Washington*, 480 F.3d 309, 316 (5th Cir. 2007) (noting in its denial of withdrawal motion that defendant failed to cite any *Carr* factors in his filing). Permitting Defendant to withdraw his guilty plea at this juncture would prejudice the Government, inconvenience the Court, and waste judicial resources. *See United States v. Rodriguez*, No. 3:08-CR-267-D, 2010 WL 286730, at *4 (N.D. Tex. Jan. 22, 2010) (analyzing factors two, four, and seven together), *aff'd,* 411 F. App'x 713 (5th Cir. 2011). Indeed, if Defendant is allowed to withdraw his guilty plea, the Government would be required to expend significant resources to prepare the case for trial. Additionally, rescheduling this case will disrupt the Court's existing docket and expend additional judicial resources for a trial, time that would otherwise be available to protect "the rights of other accused persons awaiting trial, whose cases may lose . . . their position on the calendar." *Carr*, 740 F.2d at 346 (internal quotations omitted). As a result, the second, fourth, and seventh *Carr* factors militate against allowing Defendant to withdraw his guilty plea.

    4.    **Carr** *Factors Five and Six—Close Assistance of Counsel, Knowing and Voluntary Plea*

As to factors five and six, Defendant contends in his *pro se* objections that he "asked and requested [Linder] to file complaints, motions, petitions, what-ever [sic] term it serves to file the information or title. That [he] ha[s] strong evidence, witnesses and documents that proves [his] innocense [sic]" [Dkt. 272 at 2-3], and he "ha[s] been coerced and threatened as well made promises to be free if [he] go[es] along with all court proceedings namely plea-agreement" [Dkt. 272 at 5-6]. Defendant makes no further argument in his Motion for Reconsideration that his counsel, Linder, provided him with inaccurate information and coerced him into accepting a plea agreement or that his plea was therefore unknowingly and involuntarily made.

"Determining whether a defendant received close assistance of counsel requires a fact-intensive inquiry." *United States v. Walton*, CRIM.A. 09-157, 2012 WL 1088754, at *10 (E.D. La. Mar. 30, 2012), *aff'd,* 537 F. App'x 430 (5th Cir. 2013) (quoting *United States v. McKnight,* 570 F.3d 641,646 (5th Cir. 2009)). "The Fifth Circuit has made clear that determining whether a defendant received close assistance of counsel under Federal Rule of Criminal Procedure 11(d)(2)(B) is distinct from determining constitutionally ineffective assistance of counsel under the Sixth Amendment." *Id.* (citing *McKnight,* 570 F.3d at 646). The Court finds that the record does not indicate that Defendant lacked close and effective assistance of counsel or that his plea was made unknowingly or involuntarily. Instead, the record reveals that Defendant has been represented by Linder since the inception of this case, and that Linder has filed multiple motions for Defendant [Dkts. 242; 255; 270] and negotiated a favorable plea agreement for Defendant. *See United States v. Benavides*, 793 F.2d 612, 618 (5th Cir.), *cert. denied*, 479 U.S. 868 (1986) (rejecting defendant's assertion that he lacked close assistance of counsel and noting defense counsel filed several motions prior to plea hearing); *United States v. Gonzalez-Archuleta*, 507 F. App'x 441, 442 (5th Cir. 2013) ("The record also indicates that he had close assistance of counsel; thus, the fifth factor also weighs in favor of denying the motion. Gonzalez's attorney, Russell Aboud, negotiated a favorable plea agreement"). Additionally, Linder repeatedly met with Defendant on at least eleven (11) separate occasions to discuss Defendant's case, including evidentiary issues, sentencing guidelines, and the entry of Defendant's plea [Dkt. 269 at 8-9]. *See United States v. Walton*, CRIM.A. 09-157, 2012 WL 1088754, at *10 (E.D. La. Mar. 30, 2012), *aff'd*, 537 F. App'x 430 (5th Cir. 2013) (finding defendant received close assistance of counsel where "Kolinchak has stated that she thoroughly familiarized herself with Walton's case file and background. She attested to the Court during Walton's rearraignment that she had a full

opportunity to investigate the facts under the applicable law to the case as well as any possible defenses Walton may have had. She also attested that she had a full opportunity to advise and counsel with him.").

Importantly herein, Defendant's statements in open court "carry a strong presumption of verity," and Defendant has provided nothing but his own conclusory statements to refute his prior testimony under oath. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). ("Reviewing courts give great weight to the defendant's statements at the plea colloquy."); *United States v. Saucedo*, SA-08-CR-189-2-OG, 2010 WL 11545744, at *5 (W.D. Tex. Sept. 9, 2010), *report and recommendation adopted,* SA-08-CR-189(2)-OG, 2010 WL 11545760 (W.D. Tex. Sept. 30, 2010) ("Ordinarily, a defendant will not be heard to refute his testimony given under oath when pleading guilty. . . .The statements of a defendant at a guilty plea hearing can be contradicted only by specific factual allegations, such as an affidavit of a reliable third person. Defendant's own statements are not alone sufficient to vitiate defendant's plea of guilty."). Defendant stated under oath at the initial plea hearing that: (1) he discussed with his attorney the facts of this case, the charges pending against him, and any possible defenses, and the sentencing guidelines associated with his charge; (2) that he was fully satisfied with his counsel's representation; and (3) that his plea was not the result of force or threats by anyone [Dkt. 266 at 8, 21-22]. As such, the Court finds that Defendant had the benefit of close assistance of counsel throughout the negotiation and entry of his plea. *See McKnight*, 570 F.3d at 647 (defendant received close assistance of counsel where his attorney advised him of the sentencing benefits of cooperation with the government); *Hurtado*, 846 F.2d at 997 (rejecting withdrawal motion where defendant claimed that his attorney had pressured him into pleading guilty by "advising that a guilty verdict after trial would net a harsher sentence"); *United States v.*

*Smith*, 4:11CR166, 2013 WL 442010, at *3 (E.D. Tex. Jan. 15, 2013), *report and recommendation adopted,* 4:11-CR-166, 2013 WL 440966 (E.D. Tex. Feb. 5, 2013) (finding defendant received close assistance of counsel where "the plea agreement states that Defendant reviewed all legal and factual aspects of the case and that Defendant was fully satisfied with his counsel's legal representation. Defendant also represented, in signing the written consent form to proceed before the [magistrate judge], that he was satisfied with the representation provided to him. Defendant was also asked during his plea colloquy whether he was satisfied with the representation provided by his counsel and he answered that he was."); *United States v. Jackson*, 4:12-CR-177, 2013 WL 4047187, at *3 (E.D. Tex. July 23, 2013) (same).

Similarly, the record reveals that Linder had numerous meetings with Defendant discussing his case and his options as well as the consequences of his decision to plead guilty, thereby allowing Defendant the opportunity to enter a knowing guilty plea. Defendant was advised when he pleaded guilty that he could be imprisoned "for a period not less than 10 years and not to exceed life; a fine not to exceed 10 million dollars; a term of supervised release of at least five years" [Dkt. 266 at 11-12]. After admonishing Defendant with his sentencing range, the Court asked "[a]nd so, [Defendant], do you understand that following entry of your plea here today you could be subjected to the range of penalties and consequences that was just explained to you?;" to which Defendant responded "[y]es, I do" [Dkt. 266 at 11-12]. *See United States v. Rosales*, 281 F. App'x 424, 425 (5th Cir. 2008) ("because Rosales was aware of his minimum and maximum potential sentences and understood the elements of the offense as charged, he also has not established that his guilty plea was not knowing or voluntary.") (citing *United States v. Brown,* 328 F.3d 787, 789 (5th Cir. 2003); *United States v. Young,* 981 F.2d 180, 184 (5th Cir. 1992)).

Further, the transcript indicates that Defendant acknowledged that he had read and understood the plea agreement and had no further questions and was voluntarily entering into it [Dkt. 266 at 20]. Defendant also agreed that he was pleading guilty knowingly, freely, voluntarily and with the advice of counsel [Dkt. 266 at 21-23]. *See United States v. McFarland*, 839 F.2d 1239, 1242 (7th Cir.), *cert. denied*, 486 U.S. 1014 (1988) ("To deter abuses in the withdrawal of guilty pleas . . . and to protect the integrity of the judicial process, we have held that rational conduct requires that voluntary responses made by a defendant under oath [when entering a guilty plea] . . . be binding."); *United States v. Duran-Espinoza*, No. 5:10-CR-1294-3, 2010 WL 5014341, at *3 (S.D. Tex. Dec. 1, 2010) (finding that defendant's plea was knowing and voluntary based on his responses during the Rule 11 colloquy); *United States v. Cabrera*, 6:09-CR-91, 2010 WL 5805586, at *4 (E.D. Tex. July 1, 2010), *report and recommendation adopted,* 6:09CR91, 2011 WL 577404 (E.D. Tex. Feb. 8, 2011) ("what Defendant seems to communicate is that he has difficulty processing or otherwise accepting the terms of his guilty plea. Despite now maintaining his innocence, Defendant's contentions ring hollow in the absence of a compelling justification as to why he made contrary statements during his plea colloquy."). Because the Court finds that Defendant had close assistance of counsel and that Defendant entered his plea knowingly and voluntarily, these factors, too, weigh against withdrawal of Defendant's guilty plea.

In sum, the Court finds that Defendant's request to withdraw his plea should be denied.

### *Request for Hearing*

Turning to Defendant's request for another hearing on this matter, the Court finds that a hearing is not necessary in the instant case. An evidentiary hearing is required only "'when the defendant alleges sufficient facts which, if proven, would justify relief.'" *Powell*, 354 F.3d at 370 (quoting *United States v. Mergist*, 738 F.2d 645, 648 (5th Cir. 1984); *United States v. Harrison*,

777 F.3d 227, 234 (5th Cir. 2015) ("[A] criminal defendant [is not] automatically entitled to an evidentiary hearing on a motion to withdraw his guilty plea."). The Court need only hold an evidentiary hearing on Defendant's Motion to Reconsider if Defendant alleges sufficient facts to show that under the totality of the *Carr* factors, the balance would tip in his favor to justify relief. *See Harrison*, 777 F.3d at 234 (quoting *Powell*, 354 F.3d at 371). As noted above, Defendant's allegations fail to demonstrate he is entitled to withdraw his guilty plea, and further, Defendant does not attach or proffer any evidence in support of such allegations.[2] *See Harrison*, 777 F.3d at 237 (district court did not abuse its discretion in declining to hold an evidentiary hearing on defendant's motion to reconsider his motion to withdraw guilty plea when defendant attached affidavits to his motion to reconsider, which claimed actual innocence but failed to sufficiently allege facts that showed more than mere denial of the veracity of the factual resume signed in conjunction with defendant's guilty plea); *United States v. Richardson*, Action No. 3:09-CR-108-K, 2011 WL 825759, at *5 (N.D. Tex. Mar. 1, 2011) (denying motion to reconsider motion to suppress and request for evidentiary hearing where "[t]he 'new' evidence advanced does not influence the Court's decision and [defendant] has presented no additional legal arguments"); *see also United States v. Brewer*, 60 F.3d 1142, 1145-46 (5th Cir. 1995) (finding that "[t]he district court did not abuse its discretion by refusing to grant the requested hearing" where "[defendant] failed to prove that his 'new evidence' was unknown at the time of his plea, was in fact newly discovered and that its recent discovery was in no way attributable to a previous lack of diligence").

---

[2] Importantly, Defendant offers no argument as to why he was untruthful during his plea colloquy in which Defendant repeatedly acknowledged his guilt, and when asked what he did wrong, specifically explained to the Court that he was "a part of a conspiracy. . . to distribute cocaine base, methamphetamine, [and] marijuana," and that he was aware he was distributing those drugs [Dkt. 266 at 28-29]. These new allegations add little to Defendant's prior assertion of innocence beyond simply reiterating his claim and denying the veracity of the factual basis he signed in conjunction with his plea agreement.

The instant case does not demonstrate that a hearing is necessary for the Court to reconsider its recommendation to deny Defendant's request to withdraw his guilty plea. *See e.g.*, *United States v. Martin*, No. 3:14-CR-183-M, 2015 WL 3404221, at *3 (N.D. Tex. May 22, 2015) (denying defendant's motion to reconsider motion to withdraw guilty plea and request for hearing "because even assuming the Defendant would present evidence of what he claims, the Court would not reconsider and grant Defendant permission to withdraw his plea").

## CONCLUSION AND RECOMMENDATION

Defendant's Motion for Reconsideration only discusses Defendant's assertion of actual innocence; even assuming his allegations in support to be true, the Court cannot conclude that a balancing of the *Carr* factors would justify relief. Indeed, under the totality of the circumstances, the *Carr* factors weigh against permitting the withdrawal of Defendant Darnell Dwayne Smith's guilty plea in this case. Accordingly, the Court recommends that Defendant's Motion to Reconsider Motion to Withdraw Plea and for Hearing on the Same [Dkt. 279] be **DENIED**.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 9th day of November, 2018.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE