| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL ACTION NO. 4:17CR25 |
| | § | |
| DARNELL DWIGHT SMITH (4) | § | |

## ORDER ADOPTING REPORTS AND
## RECOMMENDATIONS OF THE UNITED STATES MAGISTRATE JUDGE

Came on for consideration the reports of the United States Magistrate Judge in this action, such matters having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On June 22, 2018, the Report of the Magistrate Judge (#271) was entered containing proposed findings of fact and recommendations that Defendant's "Motion to Withdraw Plea of Guilty" (#255) and letter motion requesting the same (#261) be denied. On November 9, 2018, a further Report of the Magistrate Judge (#284) was entered containing proposed findings of fact and recommendations that Defendant's "Motion to Reconsider Motion to Withdraw Plea and for Hearing" ("Motion for Reconsideration") (#279) also be denied.

## RELEVANT BACKGROUND

On May 22, 2018, Defendant, through his counsel, Phillip Linder ("Linder"), sought to withdraw his guilty plea entered some five months earlier, on December 28, 2017 (#151, 255). Defendant did not seek to withdraw his guilty plea until almost a week after the final Presentence Investigation Report was filed on May 16, 2018, with a recommended sentence of 235 months' imprisonment (#240). On May 31, 2018, Defendant filed an additional *pro se* motion to withdraw his guilty plea (#261). After receiving the Government's opposition to Defendant's request, on June 6, 2018, the Court held a full evidentiary Hearing on both Motions (#268). While not

alleged in his briefing, at the hearing, Defendant belatedly alleged actual innocence, asserting during his testimony, "I know I'm innocent" (*see* #269 at p. 21).[1]

On June 22, 2018, the Magistrate Judge entered a written Report and Recommendation, recommending that the Court deny Defendant's request to withdraw his plea (#271). On July 9, 2018, Defendant filed *pro se* objections to the June 22, 2018, Report and Recommendation alleging again that he was innocent, his plea was not knowingly and voluntarily made, and he did not have close assistance of counsel, and urging the Magistrate Judge to reconsider his Motion to Withdraw Plea and set a second hearing regarding the same (#272). Defendant additionally filed a Motion to Appoint New Counsel the same day (#273). On July 18, 2018, the Magistrate Judge held a hearing on Defendant's request for new counsel (#274). Although the request for new counsel was denied, the Magistrate Judge appointed an additional attorney, Micah Belden ("Belden"), as co-counsel for Defendant (#275).

Thereafter, on July 24, 2018, Belden, on behalf of Defendant, filed a two-page "Motion to Reconsider Motion to Withdraw Plea and for Hearing" (#279). In this Motion, Defendant again asserted his actual innocence and stated he "would like an opportunity to be questioned regarding the facts of his innocence" (#279 at p.1). The Government filed a response in opposition on July 31, 2018 (#281). On November 9, 2018, the Magistrate Judge entered a further Report, recommending that the Court deny Defendant's Motion for Reconsideration (hereinafter the "November 9 Report") (#284). Specifically, the Magistrate Judge concluded that upon a balancing of the totality of the *Carr* factors—and after specifically addressing each factor in turn—Defendant should not be permitted to withdraw his guilty plea and that a second hearing was not necessary

---

[1] Besides Defendant's declaration of innocence during his testimony, no other witness's testimony or evidence was proffered at the hearing to support Defendant's assertion of actual innocence (#269).

(#284).  Defendant filed objections to the November 9 Report on November 21, 2018 (#285).  The Government did not file a response to such objections.  On November 29, 2018, Defendant also untimely filed a "Brief in Support of Objections to Report and Recommendations Regarding Motion for Consideration and Motion to Withdraw Plea" ("Brief") (#286).[2]

### OBJECTIONS TO NOVEMBER 9 REPORT AND RECOMMENDATION

Defendant raises four (4) objections to the Magistrate Judge's November 9 Report recommending denial of Defendant's Motion for Reconsideration (#284):  (1) Defendant should have been permitted a second evidentiary hearing with new counsel at such hearing; (2) Defendant is actually innocent and would have testified further to his innocence at a second hearing; (3) Defendant's guilty plea was not made knowingly or voluntarily; and (4) the *Carr* factors are too restrictive regarding a Defendant's right to withdraw his plea under the Federal Rules of Criminal Procedure (#285).

### *Request for Second Hearing*

Defendant argues that his Motion for Reconsideration should have been set for hearing, so that Defendant could appear with new co-counsel to testify further as to his claim of innocence (#285 at p. 1).  Regarding the issue of a second hearing, the Magistrate Judge's November 9 Report and Recommendation stated:

> that a hearing is not necessary in the instant case.  An evidentiary hearing is required only "'when the defendant alleges sufficient facts which, if proven, would justify relief.'"  *Powell*, 354 F.3d at 370 (quoting *United States v. Mergist*, 738 F.2d 645, 648 (5th Cir. 1984); *United States v. Harrison*, 777 F.3d 227, 234 (5th Cir. 2015) ("[A] criminal defendant [is not] automatically entitled to an

---

[2] Defendant's Brief, filed out of time, argues that the seven-factor test established in *United States v. Carr*, 740 F.2d 343 (5th Cir. 1984) "unfairly restrict[s] a Defendant's ability to withdraw his plea for *any* fair and just reason" and advocates that the Court should abandon the well-established precedent of *Carr* and its progeny in evaluating whether to permit a Defendant to withdraw a guilty plea (#286 at p. 1).

> evidentiary hearing on a motion to withdraw his guilty plea."). The Court need only hold an evidentiary hearing on Defendant's Motion to Reconsider if Defendant alleges sufficient facts to show that under the totality of the *Carr* factors, the balance would tip in his favor to justify relief. *See Harrison*, 777 F.3d at 234 (quoting *Powell*, 354 F.3d at 371). As noted above, Defendant's allegations fail to demonstrate he is entitled to withdraw his guilty plea, and further, Defendant does not attach or proffer any evidence in support of such allegations.

(#284 at pp. 14-15). As detailed in the Report, the Magistrate Judge found that a balancing of the *Carr* factors did not weigh in Defendant's favor in order to justify relief. In making such determination, the Magistrate Judge addressed each *Carr* factor, including exhaustively discussing Defendant's arguments in both the Motion for Reconsideration and Defendant's *pro se* objections. The Court notes that Defendant has made no argument as to four of the seven *Carr* factors in any of his pleadings and Defendant's bare assertion of innocence and desire to testify further on that single *Carr* factor do not demonstrate that a second hearing is necessary.

At Defendant's first hearing regarding the withdrawal of his guilty plea, Defendant asserted his actual innocence. Indeed, after Defendant testified on direct examination stating, "I felt like I was innocent," and on cross examination, "I'm not guilty," the Court specifically asked questions of Defendant regarding his assertion of innocence (#269 at pp. 10, 16). In relevant part, the transcript reads:

> The Court: Okay. Now, the only other question I want to ask you is, you've said here while you were on the stand today that you felt like you were innocent.
>
> The Witness: Correct.
>
> The Court: So, are you telling me you think that you're innocent of these charges now?
>
> The Witness: No, I don't think; I know I'm innocent.

The Court:  So, when I asked you that question previously, at your plea hearing . . . I said, "I can't take your plea unless you are actually guilty." Why did you tell me that you were guilty?

The Witness:  Because my lawyer said just go along with everything, it will be okay.  Right before the hearing we had -- he seen me in the little holding cell. He's like: Let's just go on and proceed with it; just go along with what's going on and it will be over.

The Court:  And you remember you were under oath when I asked you those questions.

The Witness:  Yes, I do.

The Court:  Okay. And your answer while you were under oath was that you are guilty of those charges.

The Witness:  Yeah, and I was doing -- I was going along with what I was supposed to have been going along with.

The Court:  . . . And, so, you waited five months.

The Witness:  I told you I didn't understand the plea.

(#269 at pp. 20-21).  At no point during Defendant's first hearing did he testify that the drugs were not his and/or that they were planted by a confidential informant.  Moreover, even if Defendant had so testified, such testimony by Defendant, standing alone, still would not have been sufficient to require the Court to hold a second evidentiary hearing.

Consider *United States v. Harrison*, 777 F.3d 227, 234 (5th Cir. 2015):

A criminal defendant does not have an absolute right to withdraw a guilty plea.
***
Neither is a criminal defendant automatically entitled to an evidentiary hearing on a motion to withdraw his guilty plea. "A hearing is required," however, "when the defendant alleges sufficient facts which, if proven, would justify relief [under *Carr*]."
***

5

> Although Harrison made several allegations in support of his withdrawal motion, we cannot conclude, even if all were proven to be true, that "the totality of the *Carr* factors [would] clearly tip in [Harrison's] favor to justify relief." The district court therefore did not abuse its discretion in declining to hold an evidentiary hearing.

In *Harrison*, the defendant had attached two statements, in addition to his own sworn affidavit, to his motion to reconsider and request for hearing on his assertion of actual innocence. *Id.* at 235. The Fifth Circuit held that the defendant's evidence was insufficient to justify relief under *Carr* as "[t]he allegations he [made] add little to his assertion of innocence beyond reiterating his claim and denying the veracity of the factual resume he signed in conjunction with his plea agreement." *Id.* In the instant case, Defendant provides even less basis for a second hearing than the defendant in *Harrison*, as Defendant here has proffered no affidavits, nor any admissible evidence, in connection with his paltry two-page motion for reconsideration in which he merely asserts that he would again testify that he is actually innocent. Accordingly, this objection is overruled; Defendant is not entitled to a second evidentiary hearing on his request to withdraw his plea.

### *Actual Innocence*

Defendant asserts, in a conclusory fashion, that: (1) the drugs at issue were not his and that he has a recording from another individual admitting the same; (2) the drugs actually belong to the Confidential Informant, who planted the drugs against Defendant; and (3) this case was "only brought against [Defendant] because he is a local 'person of interest' in a higher profile state case" (#285). As relevant to Defendant's assertion of actual innocence, the November 9 Report and Recommendation indicates:

> Defendant signed a factual basis, under oath, attesting to the facts contained therein, including specifically that "Darnell Dwight Smith

> possessed with the intent to distribute and distributed at least 500
> grams of methamphetamine 5 kilograms or more of a mixture of
> substance containing a detectable amount of cocaine, and at least
> [280] grams of cocaine base" [Dkt. 155 at 2]. Additionally, at the
> plea hearing, Defendant stated (also under oath) in his own words
> that he "was involved in the Superseding Indictment as part of a
> conspiracy . . . to distribute cocaine base, methamphetamine, [and]
> marijuana," and that he was aware he was distributing such
> substances [Dkt. 266 at 28-29].

(#284 at p. 7). Aside from asserting in a conclusory fashion that he is innocent and would testify

to same, Defendant has proffered no additional evidence to support his claim of actual innocence.

To reiterate, "the mere assertion of innocence, absent a substantial supporting record will not be

sufficient to overturn a denial of a motion to withdraw." *United States v. Clark*, 931 F.2d 292,

295 (5th Cir. 1991) (citing *United States v. Carr*, 740 F.2d 339, 344 (5th Cir. 1984)).

> Consider *United States v. Wiggins*:

> > For the first [*Carr*] factor, Wiggins argues that he strongly asserted
> > his innocence. However, as the district court reasoned, Wiggins'
> > bare assertion of his innocence was contradicted by his sworn
> > admission during rearraignment that the factual basis of his
> > conviction was true. Therefore, the district court did not abuse its
> > discretion in finding that this factor lends no support to the motion.
> > *See, e.g.*, *McKnight*, 570 F.3d at 649 ("Because 'solemn
> > declarations in open court carry a strong presumption of verity,' the
> > district court did not abuse its discretion in placing little weight on
> > [the defendant's] assertion of innocence." (quoting *United States v.
> > Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001)).

67 F. App'x 396, 401-02 (5th Cir. 2017). In the instant case, there is no substantial supporting

record to the contrary. Defendant's Factual Basis states that "[t]he methamphetamine and cocaine

[located during the execution of a search warrant] belonged to [Defendant], who had instructed

Candice Walker to get rid of it shortly before the search warrant was executed" (#155 at ¶7.b.).

Defendant has admitted guilt under oath, and, has proffered no argument, authority, or evidence to show why the Court should not rely on his sworn statements over his unsupported declarations of innocence. Accordingly, this objection is overruled.

### *Knowing and Voluntary Plea*

Defendant, in his Motion for Reconsideration, made no mention that his guilty plea was not made knowingly and voluntarily. In fact, the only *Carr* factor addressed in Defendant's Motion for Reconsideration is actual innocence (#279). Despite this fact, the Magistrate Judge addressed all seven factors in the November 9 Report and Recommendation and specifically found that "Defendant entered his plea knowingly and voluntarily" (#284 at pp. 10-14). Defendant now broadly objects that Defendant's original plea was not made knowingly or voluntarily and that he neither understood that his case could continue to trial, nor the consequences of his plea (#285). Defendant offers no argument as to why he was untruthful during his plea colloquy or why such statements at the plea colloquy should not be considered in determining that Defendant's plea was knowingly and voluntarily made. *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002) ("Reviewing courts give great weight to the defendant's statements at the plea colloquy.").

"For a plea to be knowing and voluntary, 'the defendant must be advised of and understand the consequences of the [guilty] plea.'" *United States v. Gaitan*, 954 F.2d 1005, 1011 (5th Cir. 1992) (quoting *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990)). Upon independent review of Defendant's statements at his plea colloquy, the Court finds that Defendant was advised and understood the range of penalties and consequences of pleading guilty (#266 at pp. 11-12); Defendant acknowledged that he had read and understood the plea agreement (#266 at p. 20); and Defendant agreed that he was pleading guilty knowingly, freely, voluntarily and with the advice

of counsel (#266 at pp. 21-23). Once again, "[t]he [D]efendant's declaration in open court that his plea is not the product of threats or coercion carries a strong presumption of veracity." *United States v. Clark*, 931 F.2d 292, 295 (5th Cir. 1991) (internal citations omitted). Defendant has not rebutted such presumption here. This objection is overruled.

### Defendant's Claim that the Carr Factors are too Restrictive

In his final objection, Defendant objects to the Magistrate Judge's November 9 Report because "the *Carr* factors are too restrictive regarding a Defendant's right to withdraw his plea under the Federal Rules of Criminal Procedure" (#285 at p. 1). Defendant did not raise this issue at the hearing before the Magistrate Judge or in any of his prior filings with the Court. "[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 (5th Cir. 2001) (citing *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992)); *see also F.T.C. v. Namer*, No. 06-30528, 2007 WL 2974059, at *7 (5th Cir. Oct. 12, 2007) ("This Circuit has held that a party who objects to a magistrate judge's report waives any legal arguments that were not made first before the magistrate judge.") (citing *Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994)).

Further, Defendant argues—in his untimely filed Brief only—that "[a]n assertion of innocence, by itself, is a fair and just reason for plea withdrawal under the plain language of the rule" (#286 at p. 2), and that many of the *Carr* factors are either unsupported by the Federal Rules or should be inapplicable to the determination to allow a withdrawal of a guilty plea. It has been long established however, that "[n]o single factor or combination of factors mandates a particular result [under *Carr*]," *United States v. Badger*, 925 F.2d 101, 104 (5th Cir. 1991); the "decision to permit or deny [withdrawal] is based on the totality of the circumstances," *United States v.*

*Powell*, 354 F.3d 362, 370 (5th Cir. 2003). The Court declines to depart from *Carr* and its progeny, which constitute binding precedent in this circuit. Accordingly, Defendant's final objection is overruled.

In sum, after a thorough review of the record in this matter, and specifically, Defendant's objections to the November 9 Report and Recommendation, the Court finds that a balancing of the *Carr* factors weighs against reconsideration of withdrawal of Defendant's guilty plea and the granting of a second hearing on the matter, and that the Magistrate Judge's initial finding that Defendant should not be permitted to withdraw his guilty plea in this case is correct. Accordingly, Defendant's "Motion to Withdraw Plea of Guilty" (#255), letter motion (#261), and "Motion to Reconsider Motion to Withdraw Plea and for Hearing" (#279) should all be denied.

## CONCLUSION

After conducting a *de novo* review, the Court concludes that the findings and conclusions of the Magistrate Judge are correct. Accordingly, Defendant's objections are overruled, and the Court hereby adopts the findings and conclusions of the Magistrate Judge in both the June 22 and November 9 Report and Recommendation as the findings and conclusions of this Court.

It is therefore **ORDERED** that Defendant's "Motion to Withdraw Plea of Guilty" (#255), letter motion (#261), and "Motion to Reconsider Motion to Withdraw Plea and for Hearing" (#279) are **DENIED**.

SIGNED at Beaumont, Texas, this 4th day of December, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE